IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.

YOLANDA WILLIAMS,

    Plaintiff,

v.

HAYT, HAYT & LANDAU, LLP

    Defendant.

_____/

## NATURE OF ACTION

1. This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, (where Plaintiff resides in this district), and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, YOLANDA WILLIAMS ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Hillsborough, and City of Tampa.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, HAYT, HAYT, & LANDAU ("Defendant") or ("HAYT") is a Limited Liability Partnership who at all relevant times was engaged, by use of the mails and

telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. A female employee of Defendant who identified herself as "Rosa" called Plaintiff at her place of employment regarding an alleged debt owed to Capital One.

12. Defendant continued to call Plaintiff at her place of employment despite being told expressly by Plaintiff not to do so.

13. Plaintiff returned the Defendant's phone calls and offered to pay $500 towards her debt after explaining to Defendant that she was experiencing financial difficulties, but Defendant rejected his offer and was rude to Plaintiff.

14. Defendant placed four or more calls to Plaintiff within the span of one calendar day, after Plaintiff discontinued a telephone conversation with Defendant, Defendant immediately called Plaintiff again.

15. During all telephone communications with Plaintiff, Defendant and/or its agents were rude, combative, argumentative, hostile, disparaging and demeaning towards Plaintiff.

16. In January of 2010 the parties held a telephonic hearing before a Judge who ruled that Plaintiff's debt should be dismissed due to Plaintiff's financial difficulties.

17. Pursuant to the Judge's orders, Plaintiff wrote a letter to Defendant explaining her situation.

18. In spite of this letter, Defendant has threatened to garnish Plaintiff's wages, threatened to cause her to lose her driver's license, and threatened to send a Sheriff to serve Plaintiff at her place of employment.

19. Defendant and has been relentless and rude in its efforts to collect the alleged debt from Plaintiff.

20. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

21. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

22. Defendant violated 15 U.S.C. § 1692e(5) by threatening to take action against Plaintiff that cannot be taken, including threatening to cause Plaintiff to lose her driver's license for non-payment of a consumer debt and threatening that a sheriff would serve Plaintiff at her place of employment, specifically, Defendant could not legally cause Plaintiff to lose driving

privileges based on the alleged debt and did not actually intend to serve Plaintiff by Sheriff at her place of employment.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(5);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

23. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

24. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III

25. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

26. Defendant violated 15 U.S.C. § 1692c(a)(1)(3) by repeatedly contacting Plaintiff at her place of employment after being informed that such calls were inconvenient to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1)(3);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT IV

27. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

28. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

30. Defendant violated 15 U.S.C. § 1692d(2) by engaging in conduct in connection with collection of a debt, of which the natural consequence was to abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692d(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VI

31. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

32. Defendant violated 15 U.S.C. § 1692d(5) by causing the Plaintiff's phone to ring repeatedly or continuously with the intent to harass, annoy, or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d(5);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

    d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

    e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT VII

33. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

34. Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72(9) by asserting a legal right with the knowledge that such a right does not exist including threatening to cause Plaintiff to lose her driver's license for non-payment of a consumer debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) All actual compensatory damages suffered;

    b) Emotional and/or mental anguish damages;

    c) Statutory damages of $1,000.00;

    d) Plaintiff's attorneys' fees and costs;

    e) Any other relief deemed appropriate by this Honorable Court.

## COUNT VIII

35. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

36. Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72(7) by willfully communicating with the Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) All actual compensatory damages suffered;

    b) Emotional and/or mental anguish damages;

    c) Statutory damages of $1,000.00;

    d) Plaintiff's attorneys' fees and costs;

    e) Any other relief deemed appropriate by this Honorable Court.

## COUNT IX

37. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 20.

38. Defendant violated the Florida Consumer Collection Practices Act, Fla. Stat. §559.72(8) by using profane, obscene, vulgar, or willfully abusive language in communicating with the debtor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) All actual compensatory damages suffered;

b) Emotional and/or mental anguish damages;

c) Statutory damages of $1,000.00;

d) Plaintiff's attorneys' fees and costs;

e) Any other relief deemed appropriate by this Honorable Court.

## TRIAL BY JURY

39. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 26th day of July, 2010.

Respectfully submitted,
**YOLANDA WILLIAMS**

By: /s/ Alex D. Weisberg
ALEX D. WEISBERG
FBN: 0566551
WEISBERG & MEYERS, LLC
ATTORNEYS FOR PLAINTIFF
5722 S. Flamingo Rd, Ste. 656
Cooper City, FL 33330
(954) 212-2184
(866) 577-0963 fax
aweisberg@attorneysforconsumers.com